UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENENSSEE
EASTERN DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,
Plaintiff,

v.  No. 1:23-CV-02130-STA-jay

A TEMPORARY RIGHT TO ENTER
UPON LAND IN CHESTER COUNTY,
TENNESSEE, and
HUNTER FAULKNER,
REBECCA FAULKNER, his wife,
Defendants.

## ORDER DENYING MOTION TO DISMISS AS MOOT AND DENYING DEFENDANT'S MOTION TO VACATE

On April 5, 2023, the Court granted the motion for entry of an order of possession and order of possession against Defendants Hunter and Rebecca Faulkner. (ECF No. 14.) Defendant Hunter Faulkner has now moved to dismiss the action as to him for insufficiency of service of process (ECF No. 17) and to vacate the prior order. (ECF No. 20.) The Government has filed responses to both motions. (ECF Nos. 24, 25.)

As for the motion to dismiss, the Government agrees that Defendant Hunter Faulkner was not properly served but notes that the time to effectuate service has not passed. Based on the Government's representation that it has amended its notice of completion of service to withdraw its assertion that Defendant Hunter Faulkner was served with process and that steps are being taken to properly serve Defendant, the motion to dismiss is **DENIED** as moot.

As for the motion to vacate and set aside order the order of possession, the Government correctly points out that the sole ground in the motion to vacate is that Defendant Hunter Faulkner has not been properly served. However, orders of possession issued pursuant to the Declaration of

Taking Act, 40 U.S.C. § 3114, such as in the present case, may be entered *ex parte*. *See United States v. 0.95 Acres of Land*, 994 F.2d 696, 698 (9th Cir. 1993) ("In this type of condemnation proceeding, the United States files a declaration of taking in the district court pursuant to the Declaration of Taking Act, 40 U.S.C. § 258a *et seq.*, and deposits funds with the district court. The district court may then enter an *ex parte* order of possession."); *see also United States ex rel. TVA v. A Temporary Right to Enter Onto Land in Meigs Cnty., Tenn.*, 397 F. Supp. 3d 1111, 1113–14 (E.D. Tenn. 2019) (denying landowner's motion to vacate *ex parte* order of possession, explaining that "[c]ourts [] have consistently reaffirmed that the Government's satisfaction of the prerequisites of the [Taking Act] give it a 'right to immediate possession' of the condemned property"); *United States ex rel. TVA v. An Easement & Right-of-Way Over Two Tracts of Land*, 246 F. Supp. 263, 264 (W.D. Ky. 1965) ("The plaintiff filed this action on August 31, 1961 and it was, by order of the court [dated Sept. 8, 1961], put in possession of the property condemned."), *aff'd*, 375 F.2d 120 (6th Cir. 1967); *United States ex rel. TVA v. Puryear*, 105 F. Supp. 534, 535 (W.D. Ky. 1952) (denying motions to set aside and vacate *ex parte* orders authorizing TVA to take possession of easements and rights-of-way taken in three cases for construction and maintenance of a TVA transmission line).

    Because the Court had the authority to enter the order of possession, with or without notice to Defendant Hunter Faulkner, the motion to vacate is **DENIED**.

    IT IS SO ORDERED.

s/ S. Thomas Anderson
S. Thomas Anderson
United States District Judge

Date: May 22, 2023