**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENENSSEE**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**
**upon the relation and for the use of the**
**TENNESSEE VALLEY AUTHORITY,**

**Plaintiff,**

                                                    **No. 1:23-cv-02130-STA-jay**

**v.**

**A TEMPORARY RIGHT TO ENTER**
**UPON LAND IN CHESTER COUNTY,**
**TENNESSEE, and**
**HUNTER FAULKNER,**
**REBECCA FAULKNER, his wife,**

**Defendants.**

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
**AND ORDER DISBURSING FUNDS**

This is a federal condemnation action in which Plaintiff United States of America upon the relation and for the use of the Tennessee Valley Authority ("TVA") took a temporary right to enter upon land owned by Defendants Hunter Faulkner and Rebecca Faulkner for the purpose of conducting siting and survey activities associated with a future acquisition of a permanent transmission line easement. Plaintiff has filed a motion for summary judgment (ECF No. 35) contending that all work for which TVA acquired the temporary right to enter is complete, and the sole remaining issues are the amount of compensation to be awarded to Defendants for the condemned property right and apportionment of the award among Defendants. Plaintiff seeks summary judgment awarding Defendants the nominal sum of $10 as compensation for the temporary right to enter land that was taken.  The requisite time has passed, and Defendants have not filed a response to the motion. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

Plaintiff has presented the following statement of undisputed material facts. (ECF No. 35-1.)  In 2020, TVA announced a transmission line project to provide for growing electrical demand in Henderson and Chester Counties.  Hunter Faulkner and Rebecca Faulkner own one of the properties in Chester County (the "subject property") crossed by the proposed route.  Plaintiff initiated this condemnation action to acquire the temporary right to enter the subject property for the purpose of "conducting surveys, core drilling, title investigations, environmental studies, appraisals, and related activities for the acquisition of an easement and right-of-way for the erection, operation, and maintenance of electric power transmission circuits and communication circuits" (collectively, "survey and siting activities"). The temporary right to enter does not include the right to physically damage the subject property, and TVA remains financially responsible for "damage to annual crops and other actual property damage resulting directly from the operations of [TVA's] forces in the conduct of said activities upon said property." The boundary of the subject property and other landmarks are shown on the aerial map, a copy of which has been filed in this case. (Not. ECF No. 15-1.)

On April 5, 2023, the Court entered an Order of Possession putting Plaintiff into immediate possession of the temporary right to enter. TVA has since completed the survey and siting activities allowed under that Order.

TVA's manager of real property transactions, Ivan J. Antal, II, is responsible for supervising TVA's acquisition of property rights associated with the construction of new transmission lines. Antal is a licensed Tennessee appraiser, and TVA has acquired thousands of such property rights during the fifteen years that he has served in that position. Based on his training and experience, Antal has opined that the fair market value of the temporary right to enter in this condemnation is $10. This opinion recognizes and takes into consideration TVA's retained

financial responsibility for damage to the property resulting from survey and siting activities performed pursuant to the order of possession. (Antal Decl. ECF No. 35-2.)

Federal Rule of Civil Procedure 71.1(h) provides that, "[i]n an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined . . . by any tribunal specially constituted by a federal statute . . . or . . . by a jury when a party demands one within the time to answer." *See also United States v. Reynolds*, 397 U.S. 14, 19 (1970) ("The Rule [71.1] thus provides that, except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented."). The statutes at issue do not mandate a specially constituted tribunal as to the determination of just compensation.

Here, service of the Complaint, Declaration of Taking, and Notice of Condemnation was complete as to all Defendants as of February 23, 2024, with Defendant Rebecca Faulkner having been served via personal service on March 23, 2023, and Defendant Hunter Faulkner having been served by publication on February 22, 2024. Although counsel has entered appearances on behalf of both defendants, neither has filed an answer or jury demand. The issue of just compensation thus is to be determined by the Court, and summary judgment is an appropriate procedure for the Court to adjudicate this issue. *See*, *e.g.*, *United States ex rel. TVA v. Tree-Removal Rights with Respect to Land in McNairy Cnty., Tenn.*, 2015 WL 5499434, at *3−4 (W.D. Tenn. Sept. 16, 2015) (granting summary judgment on the issue of the amount of just compensation to be awarded); *see also Transwestern Pipeline Co. LLC v. 46.78 Acres of Permanent Easement Located in Maricopa Cnty.*, 473 F. App'x 778, 779 (9th Cir. 2012) ("Summary judgment is appropriate in a condemnation case [when] there is no disputed issue of material fact.").

Exercise of the power of eminent domain is subject to the requirement of the Fifth Amendment to the United States Constitution that compensation shall be paid to the owner for all interests in property acquired by the United States. *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9−10 (1984). The term "just compensation" means the fair market value of the property interests that were taken. *United States v. 564.54 Acres of Land*, 441 U.S. 506, 511−12, 514 (1979); *United States ex rel. TVA v. Easements and Rights-of-Way in Greene Cnty., Tenn.*, 2010 WL 3861053, at *3 (E.D. Tenn. Sept. 24, 2010).

TVA deposited $10 at the commencement of the case as its estimate of the amount of compensation owed to Defendants for the taking of the temporary right to enter. (Not., ECF No. 9.) This estimate is based on Antal's opinion that the fair market value of the property right taken is nominal and that a nominal award of $10 would be consistent with his experience in acquiring similar easements on behalf of TVA. (Antal Decl. ¶ 8.)

In addition to Antal's valuation, the Court finds that a nominal compensation award is appropriate because a condemning authority's taking of a temporary right to enter onto private land to perform survey and siting activities is not a compensable property right under Tennessee law. *See* Tenn. Code Ann. § 29-16-121 (establishing statutory right under Tennessee law for condemning party to enter onto private land to perform preliminary survey and limiting condemning party's liability only for actual damages); *Midwestern Gas v. Baker*, 2006 WL 461042, at *14 (Tenn. Ct App. Feb. 24, 2006) ("Tenn. Code Ann. § 29-16-121 authorizes companies with the power of eminent domain to enter private property to conduct 'the requisite examinations and surveys as long as the company does no unnecessary injury and pays the property owner for any actual damage."); *c.f. St. Genevieve Gas Co., Inc. v. Tennessee Valley Authority*,

747 F.2d 1411 (11th Cir. 1984) (awarding nominal damages of $1 as just compensation for the taking of a mineral lease which had no commercial value).

 Accordingly,  Plaintiff's Motion for Summary Judgment is **GRANTED**, and judgment will be entered awarding Defendants Hunter Faulkner and Rebecca Faulkner jointly the sum of $10 for the temporary right to enter that was taken. The Clerk of the Court is **AUTHORIZED** and **DIRECTED** to draw a check on the funds on deposit in the registry of this Court in the amount of $10, plus any accrued interest thereon less the applicable registry fee, payable jointly to Rebecca and Hunter Faulkner, and to mail said check in care of their attorney Jay L. Johnson, Johnson Law Firm, P.O. Box 97, Henderson, Tennessee 38340 in full satisfaction of the Judgment.

 IT IS SO ORDERED.

<u>s/ S. Thomas Anderson</u>
S. Thomas Anderson
United States District Judge

Date: April 29, 2024